IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMONE E. FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-836-GMS |
| | ) |
| WARDEN PERRY PHELPS, CARL | ) |
| DANBERG, and ATTORNEY GENERAL | ) |
| JOSEPH BIDEN, III, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff Damone E. Flowers ("Flowers"), an inmate housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and has been granted permission to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.[1] (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Flowers filed this lawsuit pursuant to § 1983 alleging a violation of his right to access the courts. Flowers had a court deadline of January 12, 2006, in the Delaware Supreme Court to file a notice of appeal of denial of a Rule 61 motion. He alleges that on January 8, 2006, he delivered his notice of appeal to prison officials for mailing to the Supreme Court Clerk, well within the allotted time, but prison officials delayed mailing his notice of appeal for nine days. As a result, Flowers claims that on April 4, 2006, the Delaware Supreme Court dismissed the

---

[1] On February 10, 2009, the case was inadvertently closed due to clerical error. It reopened on February 18, 2009.

appeal as untimely, causing him to lose a "whole round of state level review of [his] conviction." Additionally, Flowers claims that due to the untimely appeal to the Delaware Supreme Court, his federal habeas corpus petition, filed May 2006, was dismissed as violative of the one-year statute of limitations on September 22, 2008. Named as defendants are VCC Warden Perry Phelps ("Phelps"), Department of Correction Commissioner Carl Danberg ("Danberg"), and the Attorney General of the State of Delaware Joseph B. Biden, III ("Biden"). Flowers seeks injunctive relief to: (1) compel the VCC to show that its court access system is adequate, effective and meaningful and does not violate prisoner's constitutional right of access to the courts by unnecessary delay of outgoing legal mail; (2) create a state prison mailbox rule equivalent to the mailbox rule recognized by the federal courts and codified as Federal Rule of Appellate Procedure 4(c); (3) determine if plaintiff actually suffered harm (prejudice) to his legal case due to the prison authorities' delay of his appeal in January 2006; and (4) cause prison authorities to be treated as court personnel for purposes of mail delivery by pro se prisoners, with ex post facto retroactivity.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S.89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Flowers is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with

enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Flowers proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

### III. DISCUSSION

Flowers names Danberg and Biden as defendants, apparently, on the basis of their supervisory positions. The complaint contains no allegations directed towards them. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the

resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris,* 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women,* 128 F. App'x 240 (3d Cir. 2005) (not reported).

The complaint does not indicate that Danberg and Biden were aware of the VCC's delay in mailing outgoing legal mail. Nor does the complaint indicate that they were the "driving force [behind]" Flowers' allegations. Finally, the complaint does not indicate that Danberg and Biden were aware of Flowers' allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks,* 885 F.2d at 1118. For the foregoing reasons the court will dismiss the claims against Danberg and Biden as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[2]

## IV. CONCLUSION

For the above stated reasons the court will dismiss the claims against Danberg and Biden. Flowers will be allowed to proceed against Phelps. An appropriate order will be entered.

_____, 2009
Wilmington, Delaware

_____
CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] It may be there are other prison official who had personal involvement in the delay of outgoing mail, thus, requiring amendment of complaint.

-5-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMONE E. FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-836-GMS |
| | ) |
| WARDEN PERRY PHELPS, CARL | ) |
| DANBERG, and ATTORNEY GENERAL | ) |
| JOSEPH BIDEN, III, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of April, 2009 for the reasons set forth in the Memorandum issued this date,

IT IS ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2. The claims against Carl Danberg and Joseph B. Biden, III, are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and they are **dismissed** as defendants.

3. The court has identified what appears to be a cognizable access to the courts claim against Warden Perry Phelps within the meaning of 28 U.S.C. § 1915A . The plaintiff is allowed to **proceed** with the aforementioned claim.

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the remaining defendant Warden Perry Phelps**, as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL.

CODE ANN. tit. 10 § 3103(c). **The plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendant and the chief deputy attorney general.** The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. **Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the chief deputy attorney general within 120 days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant so identified in each 285 form.

3. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be

considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

    6. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

    7. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                              [signature]
                                        CHIEF, UNITED STATES DISTRICT JUDGE