IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMONE E. FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-836-GMS |
| | ) |
| WARDEN PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

### I. INTRODUCTION

The plaintiff, Damone E. Flowers. ("Flowers"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The case proceeds on the amended complaint. (D.I. 23.) Before the court are the defendants' motion for judgment on the pleadings and motion to stay proceedings and Flowers' motion to amend, motion for an extension of time, and motion to strike the motion for judgment on the pleadings. (D.I. 57, 63, 65, 68, 71.) For the reasons that follow, the court will grant the defendants' motion for judgment on the pleadings and will deny as moot the remaining motions.

### II. BACKGROUND

On October 30, 2002, Flowers was convicted following a jury trial in the Superior Court in and for New Castle County, Delaware ("Superior Court") of first degree murder and

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

possession of a firearm during the commission of a felony. He was sentenced to life imprisonment with no benefit of probation or parole on the murder charge and ten years at level V, three years of which are the minimum mandatory period of incarceration, for the weapons charge. The Delaware Supreme Court affirmed the conviction on August 31, 2004. On June 27, 2005, the Superior Court denied without prejudice to amend Plaintiff's motion for post-conviction relief. *See State v. Flowers*, 2010 WL 2338704 (Del. Super. Ct. June 8, 2010); *State v. Flowers*, 2005 WL 2249523 (Del. Super. Ct. June 27, 2005).

On September 20, 2005, Flowers filed a third Rule 61 motion for post-conviction relief, and, on December 13, 2005, the Superior Court denied the motion as procedurally barred. *See Flowers v. Phelps*, 2008 WL 4377704 (D. Del. Sept. 22, 2008). Flowers was given thirty days to appeal, until January 12, 2006. He delivered his notice of appeal for mailing to the defendant Correctional Office Kenneth Hedges ("Hedges") on January 8, 2006, to forward to the Clerk of the Delaware Supreme Court. Attached to the notice of appeal was a pay-to order for postage dated January 8, 2006. The pay-to was logged in the housing unit on January 13, 2006 and mailed from the VCC on January 14, 2006. (D.I. 73.) The pay-to was deducted from Flower's account on January 20, 2006. (*Id.*)

On January 17, 2006, the Clerk of the Delaware Supreme Court issued a notice to show cause why Flower's notice of appeal should not be dismissed for failure to file by the January 13, 2006 deadline. (D.I. 64, ex. B) Flowers responded to the notice to show cause on January 20, 2006. (*Id.*) The VCC provided a time-line to the Delaware Supreme Court on February 24, 2006. On April 4, 2006, the Delaware Supreme Court dismissed the appeal as untimely, and found that the delay was not attributable to court-related personnel. *Flowers v. State*, 2006 WL

2

8893268 (Del. Apr. 4, 2006). Next, Flowers filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this district court, but it was denied as untimely, *Flowers v. Phelps*, 2008 WL 4377704 (D. Del. Sept. 22, 2008), a certificate of appealability denied in *Flowers v. Phelps*, No. 08-4157 (3d Cir. Apr. 15, 2009).

Flowers submitted a grievance on February 7, 2006 regarding the delay in mailing his appeal. (D.I. 73, ex.) The grievance was resolved on October 20, 2006, and Flowers filed an appeal on October 22, 2006, responded to by the defendant Perry Phelps ("Phelps") on November 17, 2006. (D.I. 73, ex.)

Flowers seeks: (1) to compel the defendants to show that the VCC does not violate an inmate's constitutional rights in its unnecessary delay in outgoing legal; (2) the judicial creation of a state prison mailbox rule similar to the ones recognized by federal courts; and (3) a court determination that plaintiff suffered actual harm to his collateral attack on his conviction due to the undue delay of his appeal. In the alternative, Flowers seeks a ruling of statutory or equitable tolling with regard to his habeas petition, and for a determination that prison officials are synonymous with court personnel for purposes of mail delivery by pro se prisoners.

## III. MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Standard of Review

Pursuant to Rule 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court will grant a motion for judgment on the pleadings if the movant establishes that "there are no issues of material fact, and that he is entitled to judgment as a matter of law." *Allstate Property and Cas. Ins. Co. v. Squires*, 667 F.3d 388, 390 (3d Cir. 2012). When considering a motion for

3

judgment on the pleadings, the court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party. *Id.*

**B. Discussion**

The court turns first to the statute of limitations issue as it is dispositive of this case. The defendants contend that the complaint is time-barred and that no extraordinary circumstances exist to toll the statute of limitations. The defendants contend that the limitations period began to run on January 17, 2006, the date the Delaware Supreme Court Clerk notified Flowers of his late appeal. Flowers filed his complaint on November 7, 2008.[2] Flowers responds that statutory tolling occurred while he exhausted his administrative remedies. Inexplicably, the defendants do not address the issue of tolling while Flowers exhausted his administrative remedies.

The parties agree that, for purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. *See Smith v. State*, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

---

[2]The defendants indicate that the complaint was filed on November 10, 2008. The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here, the complaint was signed on November 7, 2008, and its envelope contains the same date. Therefore, Flowers' complaint was filed on November 7, 2008, the date it was signed and placed in the mail.

4

It is apparent from the filings that Flowers' claim accrued on January 20, 2006. On that date, he filed a response to the Delaware Supreme Court's notice to show cause why his appeal should not be dismissed as untimely. (D.I. 64, ex. B.) Hence, as of January 20, 2006, Flowers knew, or had reason to know, that his notice of appeal had not been timely received by the Delaware Supreme Court.

When Flowers filed his complaint on November 7, 2008, more than two years had passed from the date that he because aware of his claim. The defendants, however, fail to consider the time it took for Flowers to exhaust his administrative remedies. Specifically, the record reflects that Flowers submitted a grievance on February 7, 2006, and had exhausted his administrative remedies as of November 17, 2006, the date that Phelps advised him he had received the grievance appeal and that there was nothing more his office could do. (D.I. 73, ex.)

The Third Circuit has not yet addressed the issue of tolling while a prisoner exhausts available administrative remedies, but has noted that it may be appropriate to toll the statute of limitations during said time. *See Dasilva v. Sheriff's Dep't*, 413 F. App'x 498 n.3 (3d Cir. 2011) (not reported); *Badley v. Bourne*, 239 F. App'x 725 n.1 (3d Cir. 2007) (not reported); *Shakuur v. Costello*, 230 F. App'x 199 (3d Cir. 2007) (not reported). District courts within our circuit have found that tolling of the statute should occur during this period of time, *see Ballard v. Williams*, 2010 WL 7809047, at *5 (M.D. Pa. Dec. 9, 2010) (citing cases), and the court finds the authority persuasive. *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) (agreeing with "the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"); *Johnson v. Rivera,* 272 F.3d 519, 522 (7th Cir. 2001) (holding "a federal court relying on the

5

Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process"); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (because the Prison Litigation Reform Act ("PLRA") prevents bringing § 1983 action until administrative remedies are exhausted, state statute of limitations tolled while prisoner exhausted); *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (state law precedent dictates that PLRA's exhaustion requirement prevents state statute of limitations from running until prisoner has exhausted). "Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again . . . the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991).

As discussed above, January 20, 2006 is the date Flowers clearly knew the defendants had not timely mailed his notice of appeal to the Delaware Supreme Court. Consequently, the limitations period began running on January 21, 2006, and for 17 days until February 7, 2006, when Flowers submitted his grievance to prison officials regarding the issue. *See* Fed. R. Civ. P. 6(a)(1)(A). At that time, Flowers had a little less than two years remaining of the original two-year limitation period. The limitations clock stopped running during the pendency of the exhaustion of administrative remedies and began running again on November 18, 2006, following Flowers' exhaustion of administrative remedies on November 17, 2006. Upon exhaustion, Flowers, again, had a little less than two years to initiate this lawsuit. Yet, he did not file the complaint until November 7, 2008, some seven days after the statute of limitations had expired on October 31, 2008. Hence, his claims are time-barred by the two year statute of

limitations. Accordingly, the court will grant the defendants' motion for judgment on the pleadings as the claims are time-barred.[3]

## IV. CONCLUSION

For the above reasons, the court will grant the motion for judgment on the pleadings and will deny as moot the remaining motions. (D.I. 57, 63, 65, 68, 71.)

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

July 5, 2012
Wilmington, Delaware

---

[3]Inasmuch as plaintiff's claims are time-barred, the court will not address the other issues raised in the defendants' motion for judgment on the pleadings.