# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAMONE E. FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-836-GMS |
| | ) |
| WARDEN PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 17th day of Oct., 2012;

IT IS ORDERED that the plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(a) and (b)(1) (D.I. 80) is **denied**, for the reasons that follow:

## I. Background

The plaintiff, Damone E. Flowers. ("Flowers"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) On July 9, 2012, the court granted the defendants' motion for judgment on the pleadings. (*See* D.I. 78, 79.) On July 24, 2012, Flowers filed a motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60(a) and 60(b)(1). (D.I. 80.)

## II. STANDARD

Initially the court notes that Rule 60(a) is inapplicable. Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). Motions under Rule 60(b)(1) through (3) must be made "not more than one year after the judgement or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

## III. DISCUSSION

Flowers relies upon Rule 60(b)(1) - "mistake, inadvertence, surprise, or excusable neglect." Flowers argues that the court erred in its calculations in determining that the complaint was not timely filed. In essence, Flowers argues that the court erred when it granted the defendants' motion. The Third Circuit has not yet decided whether legal error may be characterized as "mistake" within the meaning of Rule 60(b)(1). *Bernheim v. Jacobs*, 144 F. App'x 218, 221, 223 (3d Cir. 2005) (not published). However, legal error, without more, cannot justify granting a Rule 60(b) motion. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (citations omitted); *see also Ibarra v. W.Q.S.U. Radio Broad. Org.*, 218 F. App'x 169, 170 (3d Cir. 2007) (not published); *Peterson v. Brooks*, 2007 WL 2306589, at *4 (E.D. Pa. Aug. 9, 2007) ("Petitioner's first argument - that the Court erred in ruling that petitioner's claims were

2

procedurally defaulted - is not properly construed as a 'mistake' under Rule 60(b)(1), or as ground for relief under Rule 60(b)(6).").

## IV. CONCLUSION

For the reasons state, the court will deny the motion for relief from judgment or order.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Oct 17, 2012
Wilmington, Delaware